UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **INDICTMENT** 15cr209 PJS/FLN |
| Plaintiff, | 18 U.S.C. § 2 |
| | 18 U.S.C. § 981(a)(1)(C) |
| v. | 18 U.S.C. § 982(a)(2)(B) |
| | 18 U.S.C. § 1028A |
| SHAWN ALAN WESTLING, | 18 U.S.C. § 1029(b)(2) |
| | 18 U.S.C. § 1029(c)(1)(A)(i) |
| Defendant. | 18 U.S.C. § 1029(c)(1)(C) |
| | 18 U.S.C. § 1344 |
| | 18 U.S.C. § 1349 |
| | 18 U.S.C. § 1708 |
| | 28 U.S.C. § 2461(c) |

THE UNITED STATES GRAND JURY CHARGES THAT:

### COUNT 1
(Conspiracy to Commit Access Device Fraud)

1.     From at least in or about December 2013 and continuing through at least in or about June 2014, in the State and District of Minnesota, defendant,

**SHAWN ALAN WESTLING,**

did knowingly and willfully conspire, combine, confederate, and agree with one or more other persons known and unknown to the grand jury to knowingly and with intent to defraud use one or more unauthorized access devices during a one-year period, and by such conduct obtain a thing of value aggregating $1,000 or more during that period, to wit: various merchandise by using unauthorized credit cards, credit accounts, and debit cards in the name of known victims, such use affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(2).



2. At all times relevant to this indictment the following financial institutions did business in the State of Minnesota and elsewhere and held deposits insured by the Federal Deposit Insurance Corporation:

    a. Wells Fargo Bank

    b. Bank of America

    c. TCF Bank

    d. Bremer Bank

    e. Central Bank

(hereinafter referred to as the "Financial Institutions").

## THE SCHEME

3. The defendant, together with and conspiring with others known and unknown to the grand jury, devised and participated in a scheme to defraud the Financial Institutions by using stolen mail, stolen identities, stolen and altered checks, and fraudulently-obtained credit card accounts to obtain and attempt to obtain money and funds owned by and under the custody of the Financial Institutions.

4. In furtherance of this scheme, the defendant and his co-conspirators stole mail and personal items of others to obtain checks, personal identifying information, and credit and bank account numbers. Defendant and his co-conspirators then altered checks by erasing and adding information to make it appear as though the checks were payable to themselves. They also fraudulently filled out blank checks. They would then cash these fraudulent checks or deposit them into their own bank accounts or the accounts of others.

5. It was further part of the scheme that the defendant and his co-conspirators obtained credit cards and credit card account numbers belonging to known victims and used these cards and account numbers to make unauthorized purchases at retail stores in Minnesota, such as Wal-Mart, Home Depot, and Menards. The defendant and his co-conspirators obtained these credit cards and account numbers by stealing them from the mail and from cars, and by using personal information contained in stolen mail to fraudulently open accounts in the names of known victims. As part of the scheme, defendant and his co-conspirators would also request additional credit cards in their own names from the credit card accounts of known victims.

## PURPOSE OF THE CONSPIRACY

6. The purpose of the scheme was to fraudulently obtain money and merchandise from retail stores, Financial Institutions, credit card companies, and their customers by using stolen and altered checks, stolen credit cards and stolen personal information of known victims.

## MANNER AND MEANS

7. The defendant and others known and unknown to the grand jury, aiding and abetting one another, stole United States mail containing checks, altered the stolen checks and made them payable to the themselves, then cashed the stolen checks or deposited them into their bank accounts and withdrew the funds from their accounts.

8. The defendant and others known and unknown to the grand jury, aiding and abetting one another, stole United States mail containing credit cards and used these credit cards to make fraudulent purchases.

9. The defendant and others known and unknown to the grand jury, aiding and abetting one another, stole United States mail containing personal information of the addressee and/or sender and used this personal information to order unauthorized credit cards, obtain and use credit card account numbers, and open fraudulent credit and debit card accounts.

## OVERT ACTS

10. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Minnesota:

 a. On or about December 10, 2013, the defendant unlawfully used a stolen debit card belonging to known victim T.M. to purchase $487.62 of merchandise from Wal-Mart in Fridley, Minnesota.

 b. On or about December 11, 2013, the defendant unlawfully used a stolen debit card belonging to known victim T.M. to purchase $320.63 of merchandise from Wal-Mart in Fridley, Minnesota, and to purchase $487.40 of merchandise from Wal-Mart in Blaine, Minnesota.

 c. On or about January 27, 2014, the defendant and co-conspirator K.D. unlawfully used a stolen credit card account number belonging to known victim H.B. to purchase $932.84 of merchandise from Menards in Maplewood, Minnesota.

 d. On or about March 8, 2014, the defendant unlawfully used a fraudulently-obtained debit card linked to a bank account belonging

        to known victim R.G. to make $1,132.57 of purchases, in four transactions, from Wal-Mart in Forest Lake, Minnesota and Holiday gas station in Forest Lake, Minnesota.

    e.    On or about March 25, 2014, the defendant unlawfully used a stolen credit card belonging to known victim P.K. to purchase $1,190.12 of merchandise from Wal-Mart in Fridley, Minnesota.

    f.    On or about April 20, 2014, the defendant unlawfully used a stolen credit card belonging to known victim R.G.#2 to purchase $606.99 of merchandise, in five transactions, from Home Depot stores in Blaine and Fridley, Minnesota.

11.    All in violation of 1029(b)(2) and 1029(c)(1)(A)(i).

## COUNT 2
(Conspiracy to Commit Bank Fraud)

12.    The grand jury realleges and incorporates paragraphs 1 through 10 as if fully set forth herein.

13.    From at least in or about December 2013 and continuing through at least in or about June 2014, in the State and District of Minnesota, the defendant,

**SHAWN ALAN WESTLING,**

did knowingly conspire, combine, confederate, and agree with one or more other persons known and unknown to the grand jury to execute and attempt to execute a scheme and artifice to defraud the Financial Institutions, and to obtain and attempt to obtain by means of material false and fraudulent pretenses and representations, monies and funds owned by and under the custody and control of the Financial Institutions, in violation of Title 18,

United States Code, Sections 1344, all in violation of Title 18, United States Code, Section 1349.

## COUNTS 3-11
(Bank Fraud)

14. The grand jury realleges and incorporates paragraphs 1 through 10 as if fully set forth herein.

15. On or about the dates set forth below, in the State and District of Minnesota, the defendant,

**SHAWN ALAN WESTLING,**

aided and abetted by others known and unknown to the grand jury, having devised a scheme and artifice to defraud the Financial Institutions, and to obtain and attempt to obtain the monies and funds owned by and under the custody and control of the Financial Institutions, by means of material false and fraudulent pretenses, representations and promises, did knowingly execute and attempt to execute the scheme and artifice as follows:

| COUNT | DATE (on or about) | DESCRIPTION OF FRAUD | FINANCIAL INSTITUTION |
|---|---|---|---|
| 3 | 2/7/14 | Used forged convenience check in the amount of $4000 drawn on Bank of America credit card account number ending with 7058 of victim S.E. to open accounts at TCF Bank | Bank of America |
| 4 | 2/7/14 | Withdrew $300 cash from funds of forged convenience check referenced in Count 3 | TCF Bank |
| 5 | 2/8/14 | Withdrew $2,000 cash from funds of forged convenience check referenced in Count 3 | TCF Bank |

| COUNT | DATE (on or about) | DESCRIPTION OF FRAUD | FINANCIAL INSTITUTION |
|---|---|---|---|
| 6 | 2/21/14 | Withdrew $509.00 cash in three ATM transactions from funds of forged convenience check referenced in Count 3 | TCF Bank |
| 7 | 2/21/14 | Made debit card purchase at Wal-Mart of $203.45 from funds of forged convenience check referenced in Count 3 | TCF Bank |
| 8 | 2/22/14 | Made two debit card purchases at Wal-Mart totaling $413.17 from funds of forged convenience check referenced in Count 3 | TCF Bank |
| 9 | 3/8/14 | Made purchases at Wal-Mart and Holiday gas station totaling $1,132.57 with debit card tied to Wells Fargo Bank account number ending with 7397 of victim R.G. | Wells Fargo Bank |
| 10 | 3/21/14 | Cashed forged check in the amount of $300 drawn on Central Bank account number ending with 2351 of victims K.K. and N.K. | Central Bank |
| 11 | 3/25/14 | Attempted to cash forged check in the amount of $300.00 drawn on Bremer Bank account number ending with 9557 of victims R.M. and D.M. | Bremer Bank |

16.    All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT 12
(Access Device Fraud)

17.    The grand jury re-alleges and incorporates paragraphs 1 through 10 of the indictment as if set forth in full herein.

18.    From on or about December 10, 2013, through on or about April 20, 2014, in the State and District of Minnesota, the defendant,

**SHAWN ALAN WESTLING,**

aided and abetted by and aiding and abetting other persons known and unknown to the grand jury, did knowingly and with intent to defraud, use one or more unauthorized

access devices during a one-year period, and by such conduct obtained a thing of value aggregating $1,000 or more during that period, to wit: various merchandise obtained by making unauthorized purchases with stolen credit and debit cards and account numbers belonging to known victims T.M., H.B., P.K., R.G., and R.G.#2, among others, such use affecting interstate and foreign commerce.

19. All in violation of Title 18, United States Code, Sections 2, 1029(a)(2), and 1029(c)(1)(A)(i).

### COUNTS 13-18
(Aggravated Identity Theft)

20. The grand jury re-alleges and incorporates paragraphs 1 through 10 of the indictment as if set forth in full herein.

21. On or about the dates set forth below, in the State and District of Minnesota, the defendant,

**SHAWN ALAN WESTLING,**

and others known and unknown to the grand jury, aiding and abetting one another, did knowingly transfer, possess, and use, without lawful authority, means of identification of known victims as alleged in each count below, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), namely, access device fraud, as set forth below:

| Count | Date (on or about) | Description of Identity Theft |
|---|---|---|
| 13 | 12/10/13 | Unlawfully used a means of identification, specifically the name and credit card account number of victim T.M., during and in relation to access device fraud, as alleged in Count 12 |

| Count | Date (on or about) | Description of Identity Theft |
|---|---|---|
| 14 | 12/11/13 | Unlawfully used a means of identification, specifically the name and credit card account number of victim T.M., during and in relation to access device fraud, as alleged in Count 12 |
| 15 | 1/27/14 | Unlawfully used a means of identification, specifically the name and credit card account number of victim H.B., during and in relation to access device fraud, as alleged in Count 12 |
| 16 | 3/8/14 | Unlawfully used a means of identification, specifically the name of victim R.G., during and in relation to access device fraud, as alleged in Count 12 |
| 17 | 3/25/14 | Unlawfully used a means of identification, specifically the name and credit card account number of victim P.K., during and in relation to access device fraud, as alleged in Count 12 |
| 18 | 4/20/14 | Unlawfully used a means of identification, specifically the name and credit card account number of victim R.G.#2, during and in relation to access device fraud, as alleged in Count 12 |

22. All in violation of Title 18, United States Code, Sections 2 and 1028A.

## COUNT 19
(Possession of Stolen Mail Matter)

23. In or about May 2014, in the State and District of Minnesota, defendant,

**SHAWN ALAN WESTLING,**

aided and abetted by others known and unknown to the grand jury, did unlawfully have in his possession mail and matter contained therein, namely, a United States Treasury check in the amount of $745 payable to victim J.D.; a check payable to Geritom Medical drawn on the Lake Area Bank account of victim C.P.; and a check payable to Geritom Medical drawn on the Lake Area Bank account of victim A.M., which had been stolen, taken, embezzled and abstracted from a mail route, knowing the said mail matter to have been stolen, taken, embezzled and abstracted from a mail route, all in violation of Title 18, United States Code, Sections 2 and 1708.

## **FORFEITURE ALLEGATIONS**

24. Counts 1 through 12 and 19 of this Indictment are hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(B), and 1029(c)(1)(C), and Title 28, United States Code, Section 2461(c).

25. Upon conviction of the offenses alleged in Counts 1 through 12 and 19 of this Indictment the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(B), and Title 28, United States Code, Section 2461(c), any property constituting, or derived from, proceeds the defendant obtained directly or indirectly as the result of such violations.

26. Upon conviction of the offenses alleged in Counts 11 and 12 of this Indictment, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offenses.

27. If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____     _____
UNITED STATES ATTORNEY                                 FOREPERSON